**Oleg BOURNAKOV and Oksana Bournakova, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71601.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2008.

Filed June 16, 2008.

James F. Pleasants, Esq., Bellevue, WA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Susan M. Harrison, Esq., John K. McKay, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Respondent.

BEFORE: B. FLETCHER and PAEZ,

Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM **

Oleg Bournakov and Oksana Bournakova petition for review of an order of the Board of Immigration Appeals (BIA) denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture. The Immigration Judge (IJ) found Bournakov credible but held that his experiences constituted discrimination rather than persecution. The BIA dismissed the Bournakovs' appeal. In their petition, they contend principally that the evidence compels a finding that Bournakov suffered past persecution on account of his religion.[1]

We review the BIA's decision for substantial evidence. *Kaur v. Ashcroft,* 379 F.3d 876, 884 (9th Cir.2004). When the BIA conducts an independent review of the IJ's findings, we review the BIA's decision and not that of the IJ. *Hernandez–Guadarrama v. Ashcroft,* 394 F.3d 674, 679 (9th Cir.2005). "A denial must be upheld if supported by 'reasonable, substantial and probative evidence' in the record." *Kaur,* 379 F.3d at 884. The court "must affirm when it is possible to draw two inconsistent conclusions from the evidence." *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

To be eligible for asylum, an applicant must demonstrate that he has suffered past persecution or has a well-founded fear of future persecution in his home country on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). Persecution is characterized "as an extreme concept, marked by the infliction of suffering or harm ... regarded as offensive." *Li v. Ashcroft,* 356 F.3d 1153, 1158 (9th Cir.2004) (en banc) (internal quotation marks and citations omitted). The inquiry into whether certain actions rise to the level of persecution is fact-dependent, *Cordon–Garcia v. INS,* 204 F.3d 985, 991 (9th Cir.2000), and the court should "look at the totality of the circumstances in deciding whether a finding of persecution is compelled." *Guo v. Ashcroft,* 361 F.3d 1194, 1203 (9th Cir. 2004). If an applicant demonstrates past persecution, a presumption arises of a well-founded fear of future persecution. *Gafoor v. INS,* 231 F.3d 645, 650 (9th Cir.2000). The burden then shifts to the government to establish by a preponderance of the evidence that country conditions have changed to such an extent that the presumption of a well-founded fear is no longer valid. *Id.*

Bournakov is a member of the Pentecostal faith and was actively engaged in preaching its gospel in Russia. After some difficulty, he found a job as a night guard at a municipal city market. As a result of his faith he experienced many problems and was subjected to discrimination, humiliation and harassment. At times this treatment escalated into physical abuse. One of the managers, Vladimir, attacked a co-worker and fellow church member of Bournakov's while ridiculing his religion. Bournakov's co-worker quit shortly thereafter, and Vladimir then turned on Bournakov, escalating his verbal attacks and eventually physically attacking

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Bournakova's claims for asylum and withholding of removal are based on her status as a derivative beneficiary of her husband Bournakov's claims.

Bournakov. Vladimir would snatch glasses out of Bournakov's hands and toss them onto the ground so they would break. On one occasion Vladimir struck Bournakov, forcing him to run away and lock himself inside a building.

Bournakov was also attacked by another supervisor, Igor. Igor regularly made derogatory comments about Bournakov's religion, characterizing it on one occasion as a "fanatical western type religion." He tried to force Bournakov to admit he had committed a theft that had occurred a few days earlier. When Bournakov refused, Igor kicked and strangled him until he lost consciousness, telling him to "pray to God" that he didn't die. Igor had previously made derogatory comments about Bournakov's religion and had tried to coerce Bournakov to take part in activities such as drinking and hiring prostitutes that he knew were forbidden by Bournakov's religion.

Bournakov contends that he was attacked for two reasons: his religion and to get him to confess to a theft at the market. The government argues that the evidence does not compel a finding that the attack was on account of Bournakov's religion because the attack was motivated by the theft. However, an applicant for asylum "need not show that his persecutors were motivated solely by a protected ground.... Rather, an applicant need only produce evidence from which it is reasonable to believe that the harm was motivated, at least in part, by an actual or implied protected ground." *Gafoor*, 231 F.3d at 650 (internal quotation marks and citation omitted). Bournakov's testimony, which the IJ found credible, establishes that the attack was motivated at least in part by Bournakov's religion.

The physical attacks on Bournakov at his workplace are evidence of persecution. "[W]e have consistently found persecution where, as here, the petitioner was physically harmed because of his race, religion, nationality, membership in a particular social group, or political opinion." *Duarte de Guinac v. INS*, 179 F.3d 1156, 1161 (9th Cir.1999); *see also Chand v. INS*, 222 F.3d 1066, 1075 (9th Cir.2000) (describing a "consistent practice of finding persecution where the petitioner was physically harmed"). *Compare Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) (holding it "significant" to denial of petition that petitioner had never suffered physical violence). And the attacks were committed by public employees, Bournakov having testified that the market was a municipal institution.

Bournakov also submitted evidence of a general climate of discrimination and hostility directed at members of his religion. "Proof that the government or other persecutor has discriminated against a group to which the petitioner belongs is ... *always* relevant to an asylum claim." *Kotasz v. INS*, 31 F.3d 847, 853 (9th Cir.1994) (emphasis in original). Bournakov testified that the police sometimes broke up gatherings or services held by his church. Private individuals sometimes attacked members of Bournakov's church when they preached in public, and Bournakov himself was attacked twice in public, once on a trolley and once at a bus stop. Bournakov did not report either the attacks by his managers or the attacks by members of the public because he believed the police would do nothing about it. He testified that the police had "turned a blind eye" to attacks on other members of his church. Members of Bournakov's church had lost their jobs because of their religion, and Bournakov had difficulty finding work after his conversion. Bournakov's co-workers ridiculed and harassed him because of his religion, calling it a "dangerous sect," a

"bad influence," and "dangerous to the Russian state."

Bournakov's credible testimony regarding discrimination against members of his church strengthens his claim of persecution. "The more the group to which an applicant belongs is discriminated against, harassed, or subjected to violence, the less the individualized showing an applicant must make to establish eligibility for asylum." *Singh v. INS,* 94 F.3d 1353, 1359 (9th Cir.1996). The cumulative effect of the physical attacks on Bournakov by his managers, the attacks on other members of his church, and the general state of discrimination and harassment against members of his religion, is sufficient to compel a finding of persecution. *See id.* at 1358 ("While a single incident in some cases may not rise to the level of persecution, the cumulative effect of several incidents may constitute persecution."); *Korablina v. INS,* 158 F.3d 1038, 1045 (9th Cir.1998).

Because the evidence compels a finding of past persecution, a presumption arises that Bournakov has a well-founded fear of future persecution on account of his religion. We remand to the agency for submission of rebuttal evidence on whether country conditions have changed to such an extent that the presumption of a well-founded fear is overcome.

## CONCLUSION

The petition is granted and the case is remanded to the BIA for further proceedings.

* This disposition is not appropriate for publication and is not precedent except as provided